On Application for Rehearing.
Spencer, J.
The earnestness with which counsel assails the correctness of our opinion in this case, and the fact that he has misconstrued the meaning of certain expressions therein, as reflecting upon his own character and integrity, have induced us to again examine this case with care. We trust that this court has never been found lacking in courtesy ,to members of the bar, or going out of its way to cast imputations upon them. We do not see that our language in this case can bear such construction, and we certainly did not intend that it should in any way oast-reproach upon the counsel, whose character has always been considered by us as high and most honorable. Having said this much as due to the counsel himself, as well as to ourselves, we deem it necessary to notice more particularly than we have done certain points urged against our conclusions, to which we are by no means wedded through pride of opinion. It is, instead of a mortification, a pleasure for this court, when convinced of an error to correct it.
First: There can be no doubt of tile right of an administrator representing tho insolvent estate of one deceased to attack his acts as fraudulent or simulated to the end that his debts ma.y be paid. But such an action can not be maintained to defeat rights and titles- acquired in good faith by. third persons dealing with the party holding the fraudulent or simulated title. Fraud and simulation are causes of nullity only as between the parties to them. C. C.
We apprehend that a mortgage or deed of property made by one holding a fraudulent or simulated title thereto, in favor of an innocent third person for value can not be affected or defeated by the real owner or his creditors, whether the proof results from a counter letter, or otherwise. It would be subversive of elementary legal principles, and destructive of all certainty and security in the tenure of property, if the rights of third persons dealing bona fide upon the faith of public records could be thus defeated by secret agreements or private conduct, acts, or deductions of other persons.
If there was fraud and simulation between Tabary and Aymes, Car-ran was no party to it, and his rights can not be affected by it. If this be true, then the evidence of simulation between Tabary and Aymes was irrelevant and properly excluded, and, if admitted, could have no effect.
Second: In the case of L. H. Tabary, reported in 30 A. p. 187, *418 we said that the debt due by Tabary to Carran was not novated in the sale to Aymes. Counsel contends that we, therefore, decided that Car-ran was not a creditor of Aymes! Was it necessary that there should be a novation before Aymes could be bound ? Did not Aymes expressly assume and agree to pay the debt due by Tabary to Carran ? ' Did not this make Aymes the debtor of Carran? What matters it that Carran did not release Tabary? Had he not the right to have two debtors in place of one? And was not that the effect and the only effect of the stipulation that there should be no novation ? Can not I bind myself for your debt without releasing you ? What, then, becomes of the counsel’s argument that because we said there was no novation, therefore, we held that Aymes was not bound for Carran’s debt? ■
Third : Counsel cites article 1809 C. C. to the effect that “ no lesion whatever, even in the case of minors, can invalidate judicial sales, etc.,” as authority against our decision that succession property sold at probate sale at first offering must bring its appraisement. We are at a loss to see what bearing that article has on this case. That article presupposes that the judicial sale has been made in the manner, and with the formalities prescribed by law. If so, then, it can not be attacked even by a minor for lesion. But the case before us is one where the formalities prescribed by law have not been fulfilled. The sale is attacked for want of compliance with them just as it could be if there had been no advertisement, or an insufficient one.
The Civil Code, articles 1860, , declares that if any of the formalities required by law for the sale of minors’ property have not been complied with it is hot necessary to even allege lesion to invalidate them. “Such contracts being void by law may be declared so * * * * without any other proof than that of the minority of .the party and the want of formality in the act.” Article 337, C. C., declares that the. minors’ property can not be sold for less than the appraisement in the inventory,” and if there is no offer of that amount it must again be offered, etc., until the appraisement is obtained, etc. Now, will the counsel maintain the proposition that the judicial sale of a minor’s property for, say one fourth of its inventoried value, can not be attacked because, forsooth, the law says “judicial sales” can not be annuled for lesion ? Is it not apparent that this would be confounding an action to annul for want of formality with an action to annul for lesion when there is no informality ?
We repeat, therefore, that the “judicial sales referred to in article 1869, as inattackable for lesion are those that have been made in pursuance of the formalities prescribed by law. The case before us is not of that sort.
The rehearing is refused.